1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

GILBERTO CHAVEZ,

1:18-cv-01534-AWI-GSA-PC

12

Plaintiff,

13

v.

14

J. DOE #1, et al.,

15

Defendants.

16

17

**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS BARRED BY STATUTE OF LIMITATIONS**
**(ECF No. 1.)**

**THIRTY-DAY DEADLINE TO RESPOND**

18

## I.      BACKGROUND

19

Gilberto Chavez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

20

*pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 16, 2018,

21

Plaintiff filed the Complaint commencing this action, which is now before the court for

22

screening.  28 U.S.C. § 1915A.  (ECF No. 1.)

23

## II.     SCREENING REQUIREMENT

24

The court is required to screen complaints brought by prisoners seeking relief against a

25

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

26

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

27

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

28

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is a state prisoner presently incarcerated at the Correctional Training Facility in Soledad, California. The events at issue in the Complaint allegedly occurred at Avenal State Prison in Avenal, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants J. Doe #1 (Jane Doe, Kitchen Supervisor) and Does #2-12 (ASP Medical Staff) (collectively "Defendants").

Plaintiff allegations follow:

Plaintiff entered Avenal State Prison (ASP) in 2012. By August 2013, Plaintiff was assigned to work as a cook in the kitchen.

On August 3, 2013, while he was working in the kitchen, Plaintiff told his supervisor, defendant Jane Doe #1 (whose first name is Celina) that he needed someone to help him lift some heavy bags of rice. Jane Doe #1 failed to provide Plaintiff with assistance to lift the bags

of rice, so Plaintiff tried to lift them by himself. As soon as he lifted the first bag Plaintiff heard a popping sound and felt pain in his right shoulder. Jane Doe #1 witnessed the event and asked Plaintiff if he was hurt. Plaintiff replied that yes, he was hurt, and Jane Doe #1 just went to her office without doing anything about Plaintiff's injury. After a while, that same day, Plaintiff felt increased pain in his shoulder so he went to Jane Doe #1's office and told her that he could not keep working because of the pain. She told Plaintiff that she didn't have enough workers and she would not allow Plaintiff to leave work to tend to his injury. Jane Doe #1 failed to send Plaintiff to the clinic to have his injury evaluated by medical staff. As a result, Plaintiff suffered prolonged severe pain.

On many occasions since August 4, 2013, Plaintiff told defendant Jane Doe #1 that he could not work due to the pain in his right shoulder, and because his doctor had restricted him from lifting more than two pounds of weight with his right arm. However, Jane Doe #1 did not allow Plaintiff to stop working, instead she accommodated him by allowing him to do different jobs in the kitchen such as table wiper and line server. But soon after, Jane Doe #1 had Plaintiff working as a cook again and doing heavy lifting.

As a result of Jane Doe #1's deliberate indifference to Plaintiff's serious medical needs, Plaintiff suffered severe pain for months and on November 2, 2013, while lifting a heavy pot of beans in the kitchen, ruptured the long head of the bicep muscle (tendon) in his right arm.

On multiple occasions since August 4, 2013, Plaintiff requested medical treatment for the injuries in his right arm and shoulder. CDCR's medical staff at ASP, defendants Does #2-12, failed to provide adequate medical treatment, including surgery to repair the torn tendon in Plaintiff's right arm. As the result of Does #2-12's deliberate indifference, Plaintiff has been suffering constant severe pain for over five years. Plaintiff now has deformity, limited mobility, and diminished strength in his right arm.

Plaintiff requests monetary damages and injunctive relief.

## IV. STATUTE OF LIMITATIONS

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis

of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. See Jones, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989). Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1. In addition, under the Prison Litigation Reform Act, an applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993). That is the case here – the defense appears complete and obvious from the face of the complaint.

///

## A.  Jane Doe #1

Plaintiff alleges that on August 3, 2013, he injured his right arm and defendant Jane Doe #1, Plaintiff's supervisor at his kitchen job, failed to assist him with medical help or adequately accommodate his injury.  Then on November 2, 2013, while lifting a heavy pot of beans in the kitchen, Plaintiff ruptured the long head of the bicep muscle (tendon) in his right arm.

Based on these allegations, it appears that the statute of limitations for Plaintiff's injuries began to run in either August or November of 2013.  Plaintiff did not file this lawsuit until approximately five years later, on October 16, 2018.  Even allowing for tolling of the limitations period while Plaintiff exhausted his remedies, it appears that Plaintiff did not file this lawsuit before the statute of limitations expired. Therefore, the court finds that on the face of the Complaint, Plaintiff's claims against defendant Jane Doe #1 are barred by the statute of limitations.

## B.  Does #2-12 (Avenal State Prison Medical Staff)

It appears from the face of the Complaint that the statute of limitations has also expired for Plaintiff's claims against Does #2-12.  Plaintiff alleges that on multiple occasions since August 4, 2013, he requested medical treatment for the injuries in his right arm and shoulder, and defendants Does #2-12 (ASP Medical Staff) failed to provide adequate medical treatment, including surgery to repair the torn tendon in Plaintiff's right arm.  Plaintiff alleges that as the result of Does #2-12's deliberate indifference, he has been suffering constant severe pain for over five years.

The only date given by Plaintiff is August 4, 2013, which causes an inference that his claims against Does #2-12 are barred by the statute of limitations.  Before the court can determine whether the inference is true, Plaintiff must provide answers to the following:

(1)  *On what dates* did Plaintiff make medical requests to medical staff at Avenal?

(2)  When was the *last* date Plaintiff made a medical request at Avenal, and *to whom*? and

(3)  *When* was Plaintiff transferred from Avenal to the Correctional Training Facility

in Solano?

Plaintiff shall be granted thirty days to respond to this order.

## V.      CONCLUSION AND ORDER

The court finds that on the face of Plaintiff's Complaint for this action, his claims appear to be barred by the applicable statute of limitations. Therefore, the court shall issue an order for Plaintiff to show cause why this case should not be dismissed as barred by the statute of limitations.

### <u>ORDER TO SHOW CAUSE</u>

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.      Within thirty days from the date of service of this order, Plaintiff is required to file a response in writing, showing why this case should not be dismissed as barred by the statute of limitations;

2.      With respect to defendants Does #2-12 (ASP Medical Staff), Plaintiff shall answer the following questions:

(1)     *on what dates* did Plaintiff make medical requests to medical staff at Avenal?

(2)     When was the *last* date on which Plaintiff made a medical request at Avenal, and *to whom*? and

(3)     *When* was Plaintiff transferred from Avenal to the Correctional Training Facility in Solano?

Finally,

3.      Failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated:   **September 23, 2019**                          **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE