# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

GILBERTO CHAVEZ,

                Plaintiff,

      v.

J. DOE #1, et al.,

                Defendants.

1:18-cv-01534-AWI-GSA-PC

**ORDER DISCHARGING ORDER TO SHOW CAUSE**
**(ECF No. 10.)**

      Gilberto Chavez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 16, 2018, Plaintiff filed the Complaint commencing this action at the United States District Court for the Central District of California. (ECF No. 1.) On October 31, 2018, the case was transferred to this court. (ECF No. 4.)

      On September 23, 2019, the court screened the Complaint pursuant to 28 U.S.C. § 1915A. Plaintiff brings medical claims in the Complaint based on allegations that on August 3, 2014, his shoulder was injured when he lifted a heavy bag of rice. Because Plaintiff was injured on August 3, 2013, and the Complaint was not filed until October 16, 2018, the court issued an order requiring Plaintiff to file a response showing cause why this case should not be dismissed as barred by the applicable statute of limitations. (ECF No. 10.) On October 17, 2018, Plaintiff filed a response to the court's order. (ECF No. 13.)

Plaintiff's response informs the court that he faced significant delays in filing this lawsuit. Notwithstanding Plaintiff's response, the court finds that at this stage of the proceedings it is not complete and obvious on the face of the Complaint that Plaintiff's claims are barred by the statute of limitations.[1] Therefore, the order to show cause shall be discharged.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1.  The court's order to show cause, issued on September 23, 2019, is DISCHARGED; and

2.  The court shall screen the Complaint in due course.

IT IS SO ORDERED.

Dated: __**October 29, 2019**__        _____**/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).