# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO CHAVEZ, | 1:18-cv-01534-AWI-GSA-PC |
| Plaintiff, | **ORDER STRIKING AMENDED COMPLAINT LODGED ON FEBRUARY 5, 2020** |
| v. | **(ECF No. 18.)** |
| J. DOE #1, et al., | |
| Defendants. | |

## I. BACKGROUND

Gilberto Chavez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 16, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On January 30, 2020, the court screened the Complaint and issued an order requiring Plaintiff to either file an amended complaint or notify the court that he is willing to proceed only with the deliberate indifference claim against defendant Jane Doe #1 found cognizable by the court. (ECF No. 15.) On February 3, 2020, Plaintiff filed the First Amended Complaint. (ECF No. 16.) On February 5, 2020, Plaintiff lodged another amended complaint. (ECF No. 18.)

## II. LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and

1

leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has already amended the Complaint and no adverse party has appeared in this action, Plaintiff requires leave of court to file another amended complaint.

Plaintiff has not filed a motion to amend the complaint. If Plaintiff wishes to amend the complaint, he must file a motion for leave to amend, setting forth his arguments in favor of amending the complaint. Plaintiff has not done so. Together with the motion for leave to amend, Plaintiff must also lodge a separate, proposed amended complaint for the court's review.

Here, Plaintiff's lodged amended complaint is improper because it is largely written in the Spanish language. The court does not accept complaints or other case documents written in a language other than English, and the court shall not respond using a language other than English. There are no appropriated funds available to translate court documents from a foreign language to English or vice versa. Spanish translations and interpreters are not required in civil cases such as this one under either California or Federal law — that protection is confined to criminal proceedings. <u>See</u>, e.g., <u>United States v. Si</u>, 333 F.3d 1041, 1044 n.3 (9th Cir. 2002). The court recognizes that there are limited exceptions to this general rule, but prisoner civil rights cases under 42 U.S.C. § 1983 are not among them. Therefore, Plaintiff's lodged amended complaint shall be stricken[1] from the record as improperly submitted.

**II. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's amended complaint, lodged on February 5, 2020, is STRICKEN from the record as improperly submitted..

IT IS SO ORDERED.

   Dated:   **February 7, 2020**         **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.