UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO CHAVEZ, | 1:18-cv-01534-AWI-GSA-PC |
| Plaintiff, | **ORDER GRANTING LEAVE TO AMEND THE COMPLAINT** |
| v. | |
| J. DOE #1, et al., | **ORDER DIRECTING CLERK TO FILE SECOND AMENDED COMPLAINT LODGED ON FEBRUARY 19, 2020** |
| Defendants. | **(ECF No. 24.)** |

**I.     BACKGROUND**

Gilberto Chavez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 16, 2018, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On January 30, 2020, the court screened the Complaint and issued an order requiring Plaintiff to either file an amended complaint or notify the court that he is willing to proceed only with the deliberate indifference claim against defendant Jane Doe #1, which was found cognizable by the court.  (ECF No. 15.)  On February 3, 2020, Plaintiff filed a First Amended Complaint.  (ECF No. 16.)  On February 5, 2020, Plaintiff lodged another amended complaint.  (ECF No. 18.)  On February 7, 2020, the court issued an order striking the lodged amended complaint as improperly filed.  (ECF No. 22.)

1

On February 19, 2020, Plaintiff lodged another amended complaint. (ECF No. 24.) The court construes Plaintiff's lodged amended complaint as a request for leave to file a Second Amended Complaint.

**II. LEAVE TO AMEND – RULE 15(a)**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has already amended the complaint and no adverse party has appeared in this action, Plaintiff requires leave of court to file another amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**Discussion**

The court finds no bad faith or futility in Plaintiff's proposed amendment. The proposed Second Amended Complaint arises from the same events at issue in both the Complaint and First Amended Complaint. In fact, the proposed Second Amended Complaint appears identical to the First Amended Complaint except for the addition of more exhibits. Because the First Amended Complaint awaits the court's requisite screening and has not been served, there will be no undue delay or prejudice to Defendants in allowing Plaintiff to proceed with the Second Amended Complaint. Therefore, Plaintiff shall be granted leave to amend, and the Second Amended Complaint shall be filed.

///

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to amend the complaint;
2. The Clerk is directed to file the proposed Second Amended Complaint, which was lodged on February 19, 2020; and
3. The Second Amended Complaint shall be screened in due course.

IT IS SO ORDERED.

Dated: **February 20, 2020**  **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE