UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO CHAVEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>J. DOE #1, et al.,<br><br>            Defendants. | 1:18-cv-01534-AWI-GSA-PC<br><br>**ORDER DENYING MOTION FOR STAY (ECF No. 31.)**<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS (ECF No. 30.)**<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT**<br><br>**SIXTY-DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT** |

**I.    BACKGROUND**

Gilberto Chavez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

On April 15, 2020, the court issued an order requiring Plaintiff, within 30 days, to either file a Third Amended Complaint, or notify the court that he is willing to proceed only with the Eighth Amendment deliberate indifference claim against defendant Celina Salinas found cognizable by the court. (ECF No. 27.) Plaintiff requested and was granted a thirty-day extension of time to comply with the court's order. (ECF Nos. 28, 29.)

1

The thirty-day extension of time expired and Plaintiff did not file a Third Amended Complaint.  On  June 9, 2020, the court issued findings and recommendations, recommending that this case be dismissed, without prejudice, for Plaintiff's failure to comply with the court's order.  (ECF No. 30.)

On June 29, 2020, Plaintiff filed a motion for stay.  (ECF No. 31.)

## II.     MOTION FOR STAY

The court has inherent authority to manage the cases before it.  <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of proceedings in federal court, including stays of discovery, are committed to the discretion of the trial court.  <u>See</u>, <u>e.g.</u>, <u>Jarvis v. Regan</u>, 833 F.2d 149, 155 (9th Cir. 1987).  This court does not lightly stay litigation, due to the possibility of prejudice to defendants.

Plaintiff requests a stay of the proceedings in this case for at least six months while he seeks counsel to represent him.  He asserts that due to the Corona Virus he has not been able to obtain counsel.  Plaintiff also asserts that he is a native Spanish speaker, does not understand how to file the paperwork for this case, and has been given bad advice.  Plaintiff requests a stay of six months, or until he is able to obtain an attorney.

The court finds good cause to allow Plaintiff time to obtain an attorney, but a stay of the case is not his only remedy.  Instead, the court shall vacate the pending findings and recommendations and grant Plaintiff a sixty-day extension of time to file a Third Amended Complaint.  If Plaintiff needs further extension of time thereafter, he should file a motion before the sixty days has expired.

## III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for stay, filed on June 29, 2020, is DENIED;

2.     The findings and recommendations issued on June 29, 2020, are VACATED;

3.     Plaintiff is GRANTED sixty days from the date of service of this order in which to file his Third Amended Complaint, pursuant to the court's order of April 15, 2020;

4.     Any further motions for extension of time must be filed before the expiration of the new deadline; and

5.     Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: **July 13, 2020**            **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE